IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CARL ARTHUR PERRY, JR., :
AIS 105161,
:
    Petitioner,
:
vs.                                    CA 13-0160-WS-C
:
ALABAMA,
:
    Respondent.

## REPORT AND RECOMMENDATION

Carl Arthur Perry, Jr., a state prisoner presently incarcerated at Holman Correctional Facility, has filed a notice of appeal (Doc. 1)—docketed as a habeas corpus petition pursuant to 28 U.S.C. § 2254 (*see* Docket Sheet)—and a motion to continue on appeal (Doc. 2). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that Perry's pleadings be **STRICKEN** and that to the extent his notice of appeal was properly docketed as a § 2254 petition, that same be dismissed with prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## FINDINGS OF FACT

According to the allegations gleaned from Perry's notice of appeal (*see* Doc. 1, at 3) and motion to continue on appeal (Doc. 2, at 1), as well as other documents electronically maintained by this Court, *see Perry v. Hooks,* CA 05-0710-WS-C; *Perry v. Dees,* CA 00-0074-CB-C; *Perry v. Garrett,* 99-0298-CB-C, Perry was convicted of murder in the Circuit Court of Mobile County, Alabama on May 18, 1983, and was sentenced six

days later, on May 24, 1983, to life imprisonment without the possibility of parole pursuant to Alabama's Habitual Felony Offender Statute. *See, e.g., Perry v. Hooks,* CA 05-0710-WS-C, Doc. 13, at 1-2. Needless to say, following his conviction and sentence, Perry has spent the intervening thirty (30) years filing numerous collateral attacks, both in the state courts of Alabama and in this Court. *Compare id.* at 2-4 *with Perry v. Dees,* 00-0074-CB-C, Doc. 10, at 2-6. To set the stage for this Court's consideration of Perry's most recent filings in this Court, the undersigned simply focuses on *Hooks, supra* and *Dees, supra*. In *Dees,* Perry's § 2254 petition was dismissed as time-barred in accordance with 28 U.S.C. § 2244(d), *Perry v. Dees,* CA 00-0074-CB-C, Docs. 10 & 12-13,[1] and in *Hooks,* Perry's § 2254 petition was dismissed due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A), *Perry v. Hooks*, CA 05-0710-WS-C, Docs. 13 & 15-16.[2]

This brings the Court to Perry's present pleadings, the notice of appeal (Doc. 1) and motion to continue on appeal (Doc. 2), both of which focus on the transfer of his petition for writ of habeas corpus filed in the Circuit Court of Escambia County, Alabama to the Circuit Court of Mobile County, Alabama and the actions of the latter court in ordering Perry to file a Rule 32 petition and then dismissing that petition as successive (*compare* Doc. 1 *with* Doc. 2). Given that the pleadings filed in this Court attack proceedings collateral to Perry's detention—as opposed to the detention itself— and such attacks do not provide a basis for habeas corpus relief, *compare Alston v. Department of Corrections, State of Florida,* 610 F.3d 1318, 1325 (11th Cir.) ("Federal habeas

---

[1] Perry's motion for a certificate of appealability was denied by the Eleventh Circuit because he failed to make a substantial showing of the denial of a constitutional right. *Id.* at Doc. 25; *see also id.* at Doc. 26.

[2] Again, Perry's motion for certificate of appealability was denied by the Eleventh Circuit. *See id.* at Docs. 23-24.

relief is available to remedy defects in a defendant's conviction and sentence, but 'an alleged defect in a collateral proceeding does not state a basis for habeas relief.'"), *cert. denied sub nom. Alston v. McNeil,* ___ U.S. ___, 131 S.Ct. 829, 178 L.Ed.2d 564 (2010), and *Carroll v. Secretary, DOC,* 574 F.3d 1354, 1365 (11th Cir.) ("This Court has repeatedly held defects in state collateral proceedings do not provide a basis for habeas relief."), *cert. denied sub nom. Carroll v. McNeil,* 558 U.S. 995, 130 S.Ct. 500, 175 L.Ed.2d 355 (2009) *with Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'"), *cert. denied sub nom. Nichols v. Johnson,* 518 U.S. 1022, 116 S.Ct. 2559, 135 L.Ed.2d 1076 (1996), Perry's pleadings (Docs. 1 & 2) need simply be **STRICKEN** by this Court. Such striking is particularly appropriate since Perry has pending in this Court a pleading specifically styled as a petition for writ of habeas corpus and filed on May 14, 2013. *See Perry v. Warden, Department of Corrections*, CA 13-0262-CG-N, Doc. 1. Nevertheless, to the extent Perry's notice of appeal (and motion to continue appeal) can be properly read as another habeas corpus attack on his conviction and sentence such attack should be dismissed with prejudice due to petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSIONS OF LAW

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations

period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). "[T]he petitioner first must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005) (citations omitted); *see also Tompkins v. Secretary, Department of Corrections,* 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), *cert. denied sub nom. Tompkins v. McNeil,* 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

Petitioner's knowledge of the foregoing legal premise cannot be questioned, *see Perry v. Hooks*, CA 05-0710-WS-C, Doc. 13, yet there is nothing to indicate that Perry filed an application with the Eleventh Circuit Court of Appeals seeking an order authorizing this Court to consider the instant petition/notice. *See, e.g., Farris v. United*

4

*States,* 333 F.3d 1211, 1216 (11th Cir. 2003) ("[The movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it."). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file this his third (or fourth) federal habeas petition, nor been granted leave of that court to file another habeas corpus petition, this Court lacks jurisdiction to consider Perry's notice and internal request for relief, *compare id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *with Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir.) ("Under 28 U.S.C. § 2244(b)(3)(A), the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition."), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1571, 137 L.Ed.2d 714 (1997). Accordingly, this cause is due to be dismissed, with prejudice, for want of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). *Compare Tompkins, supra,* 557 F.3d at 1259 ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it.") *with United States v. Holt, supra,* 417 F.3d at 1175 ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.") *and Simmons v. Cummins,* 2010 WL 582091, *2 (M.D. Ala. Jan. 15, 2010) ("It is clear from the pleadings filed herein that Simmons has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. 'Because this undertaking [is Simmons'] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district

court lack[s] jurisdiction to grant the requested relief.'"), *report and recommendation adopted,* 2010 WL 653691 (M.D. Ala. Feb. 17, 2010).[3]

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition/motion seeking leave to file a successive petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

---

[3] The undersigned recommends that this Court dismiss with prejudice Perry's present petition/pleadings due to his failure to comply with § 2244(b)(3)(A), rather than transfer this matter to the Eleventh Circuit pursuant to 28 U.S.C. § 1631, *see Guenther, supra,* 173 F.3d at 1330-1331, n.4 ("We note that the cases from the Second, Sixth and Tenth Circuits cited in the preceding paragraphs did not analyze § 1631 or explain why it was appropriate authority for the transfer. Significant arguments can be made on either side as to the viability of § 1631, and a different result may occur depending upon whether the matter to be transferred is viewed as a § 2254 application or as a motion under § 2244(b)(3)(A) or as a motion to treat the § 2254 application as a motion under § 2244(b)(3)(A). Also, we note that there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court.'"); *Dunn v. Singletary,* 168 F.3d 440, 441 n.1 (11th Cir. 1999) ("Immediately after the instant habeas corpus petition was filed, the district court dismissed it without prejudice on May 30, 1997, to allow Dunn to seek authorization from this court to proceed with this successive petition as required by § 2244(b)(3)(A)."), because, as aforesaid, § 2244(b)(3)(A) has been fully explained to Perry, *see Perry v. Hooks,* CA 05-0710-WS-C, Doc. 13, and his petition/notice "in addition to being second or successive, [is] indisputably time-barred." *Guenther,* 173 F.3d at 1331.

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the instant petition/notice (and pleading) is unquestionably a successive pleading, a reasonable jurist could not conclude either that this Court is in error in dismissing Perry's pleadings, with prejudice, for want of jurisdiction or that Perry should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

   Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by Perry, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge recommends that Carl Arthur Perry, Jr.'s pleadings (Docs. 1-2) be **STRICKEN** and, alternatively, that his notice of appeal/petition for writ of habeas corpus be dismissed with prejudice for lack of jurisdiction pursuant to 28 U.S.C. § 2244(b)(3)(A). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 11th day of June, 2013.

        s/WILLIAM E. CASSADY
        **UNITED STATES MAGISTRATE JUDGE**